UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID STREET, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:22-cv-01000-SEB-TAB |
| ) | |
| TRICIA PRETORIUS Warden-IYC, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**Order Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

Petitioner David Street, an Indiana prisoner, filed this civil action to challenge a prison disciplinary proceeding identified as Case No. IYC 21-12-0395.[1] For the reasons explained in this Order, Mr. Street's habeas petition must be **denied.**

## I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

---

[1] The case number was originally JCU 21-12-0039. However, it was subsequently designated as IYC 21-12-0395. Dkt. 7 at pp. 2; *see also* dkt. 7-1.

## II. The Disciplinary Proceeding

On December 16, 2021, Sergeant D. McGill wrote a Report of Conduct ("Conduct Report") charging Mr. Street with violating A-121, Use/Possession of Cellular Telephone/Other Wireless/Cellular Communication Device. Dkt. 7-1. The Conduct Report states:

> I, Sergeant McGill, on 12/16/2021 at the approximate time of 0810 hours was given a mini cell phone that said L8STAR on it. This cell phone was found by Devin Dice from Parole PD3 during a facility shakedown of Alpha Dorm. This cellphone was found inside the mattress of Street, David 963841 and was placed into evidence for review. Use or possession of any cellular type device is not allowed by any offender in a correctional facility.

*Id.*

Officer Dice also provided a statement which states:

> On 12/16/2021 at approximately 0807 am, I, Correctional Police Officer D. Dice was searching the bunk A-60 belonging to Street, David #963841. While searching the mattress belonging to Street, I found a small black cellphone, battery pack, and charger inside the mattress.

Dkt. 7-3.

Mr. Street was notified of the charge on December 28, 2021, when he received the Conduct Report and the Notice of Disciplinary Hearing ("Screening Report"). Dkts. 7-1 and 7-4. He pled not guilty to the charge. *Id.* On his Screening Report, Mr. Street declined to call any witnesses, but requested the appointment of a lay advocate, the "photo of the phone[,] and proof [that] the phone [was] his." Dkt. 7-4. The hearing officer granted Mr. Street's requests. Dkts. 7-5 and 7-6.

A hearing was held on December 30, 2021. Mr. Street again pled not guilty. Dkt. 7-6. At the time of the hearing, the hearing officer recorded Mr. Street's statement as: "No." *Id.* Based on Mr. Street's and Officer Dice's statements, the Conduct Report, and the picture of the cellphone, dkts. 7-1, 7-2, 7-3, and 7-6, the hearing officer found Mr. Street guilty. Dkt. 7-6. The sanctions imposed included the deprivation of ninety days of credit time and a credit class demotion. *Id.*

Mr. Street appealed to the Facility Head and asserted three issues which can be summarized as follows: 1) there was insufficient evidence of his guilt; 2) the prison's policies and procedures for drafting a Conduct Report and attaching documentation to the Conduct Report were violated; and 3) the chain of custody rules were violated. Dkt. 7-7. The Facility Head denied his appeal and stated: "Your appeal has been reviewed and denied." *Id.*

Mr. Street then appealed to the Final Reviewing Authority. Dkt. 7-8. In denying his final appeal, the Appeal Review Officer stated that "[t]he procedure and due process of this case appear to be true and accurate," and explained: "The charge is clear; the evidence sufficient. The sanctions are within the guidelines of the Disciplinary Code for Adult Offenders. There is no present information indicating modification or dismissal is necessary." *Id.*

Mr. Street then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### III.   Analysis

In his petition, Mr. Street asserts four grounds for relief. First, he argues that the hearing officer violated his due process rights by convicting him without sufficient evidence. Dkt. 2 at p. 3. Second, he asserts that Sergeant McGill and Officer Dice violated his due process rights by violating the chain of custody requirements. *Id.* Third, he claims that the hearing officer violated his due process rights by denying him access to exculpatory evidence. *Id.* Fourth, he claims that the hearing officer "coerced" him into pleading guilty at the "initial" hearing. *Id.*

#### A.   *Sufficiency of the Evidence*

To begin, Mr. Street argues that the hearing officer violated his due process rights by convicting him without sufficient evidence. Dkt. 2 at p. 3. Specifically, he claims that there is no evidence connecting him to the phone. *Id.* Respondent contends that the Conduct Report, the

3

picture of the phone, and Officer Dice's statement are sufficient evidence that Mr. Street possessed the cellphone. Dkt. 7 at p. 11.

In a prison disciplinary proceeding, the "hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Further, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). A conduct report "alone" may establish the "some evidence" requirement. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The Indiana Department of Correction defines possession as the following:

> On one's person, *in one's quarters*, in one's locker or *under one's physical control*. For the purposes of these procedures, an offender is presumed to be responsible for any property, prohibited property or contraband that is located on their person, within their cell or *within areas of their housing*, work, educational or vocational assignment that are under their control. Areas under an offender's control include, but are not limited to: the door track, window ledge, ventilation unit, plumbing and the offender's desk, cabinet/locker, shelving, storage area, *bed and bedding*

4

>    *materials in his/her housing assignment* and the desk, cubicle, work station and locker in his/her work, educational or vocational assignment.

Dkt. 7-10 at p. 6 (emphasis added).

Here, the hearing officer had sufficient evidence that Mr. Street possessed the cellphone because in addition to relying on the Conduct Report, he also relied on Officer Dice's statement and the photo of the cellphone. Dkt. 7-6; *McPherson*, 188 F.3d at 786 (noting that a hearing officer is permitted to rely solely on a Conduct Report to convict a prisoner). Specifically, Sergeant McGill stated that Officer Dice found the cellphone in Mr. Street's mattress. Dkt. 7-1. Officer Dice's statement confirmed Sergeant McGill's statements in the Conduct Report. Dkt. 7-3 (Officer Dice stating that "while searching the mattress belonging to Street, I found a small black cellphone, battery pack, and charger inside the mattress"). Finally, the hearing officer considered the photograph of the cellphone. Dkt. 7-2. Because Officer Dice found the cellphone in Mr. Street's mattress and Mr. Street is responsible for anything in his mattress, there is sufficient evidence that Mr. Street possessed the cellphone. Dkt. 7-10 at p. 6; *see also Blakey v. Griffin*, No. 2:14-cv-0352-JMS-MJD, 2015 U.S. Dist. LEXIS 156412, at *6-7 (S.D. Ind. Nov. 19, 2015) (holding that there was sufficient evidence that the petitioner possessed the cellphone when the Conduct Report stated that the phone was found in the petitioner's bed) and *Pigg v. Finnan*, 289 F. App'x 945, 946-47 (7th Cir. 2008) (holding that there was sufficient evidence that the petitioner possessed the contraband even when another prisoner claimed ownership of the contraband because the item was found among the petitioner's belongings).

For the reasons stated above, the Court finds that there is sufficient evidence that Mr. Street possessed the cellphone. Accordingly, Mr. Street is not entitled to relief on this ground.

### B. *Chain of Custody*

Additionally, Mr. Street asserts that Sergeant McGill and Officer Dice violated his due process rights by violating the chain of custody rules. Dkt. 2 at p. 3. In particular, he claims that Officer Dice broke the chain of custody when he gave the cellphone to Sergeant McGill. *Id.* Respondent counters that Mr. Street misapplies the chain of custody rules. Dkt. 7 at pp. 11-12 (citations omitted).

The Seventh Circuit holds that "[a]dministrative decisions resting on chemical analysis typically require both the test results and a chain of custody linking those results to the particular prisoner." *Ellison*, 820 F.3d at 275. Moreover, "[t]he chain of custody rule applies when the evidence in question, usually a chemical test, is used to convict a prisoner and a record is required to tie the evidence to the prisoner's charge." *Rice v. Vanihel*, 2:22-cv-00050-JPH-MG, 2023 U.S. Dist. LEXIS 17487, at *11 (S.D. Ind. Feb. 2, 2023) (citing *Ellison*, 820 F.3d at 275); *see also Webb v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996) (holding that due process was violated where the prison mislabeled the laboratory sample with another inmate's identification number and provided no explanation for the discrepancy). Yet, the chain of custody need not be perfect. *Ellison*, 820 F.3d at 275.

Here, Mr. Street's conviction was not based on a chemical analysis. Dkt. 7-6. Nor is there any evidence that the cellphone was mislabeled. Dkt. 7-1 (Sergeant McGill indicating that after Officer Dice gave him the cellphone, he "placed into evidence for review") and dkt. 7-3 (Sergeant McGill stating to Officer Dice "that little cellphone you found . . . in the mattress of Street, David 963841. . . ."I have it logged as confiscated at 0810"). Thus, his argument fails.

Mr. Street also claims that the chain of custody was violated because Officer Dice, the finder of the cellphone, did not write the Conduct Report. Dkt. 2 at p. 3. Respondent disputes this.

Dkt. 7 at pp. 11-12. In prison disciplinary proceedings, due process is limited to a "very narrow set of rights." *Griffin v. Knight*, No. 1:21-cv-00757-JRS-MJD, 2021 U.S. Dist. LEXIS 247307, at *3 (S.D. Ind. Dec. 29, 2021) (citing *Wolff*, 418 U.S. at 563-67). Contrary to Mr. Street's assertion "[t]here is no requirement . . . that all conduct reports for a particular event be written by the same correctional officer." *Griffin*, 2021 U.S. Dist. LEXIS 247307, at *3 (holding that due process was not violated where the officer who found the weapon did not author the conduct report).

For the reasons stated above, Mr. Street's due process rights were not violated. Therefore, he is not entitled to any relief on this claim.

### C.  *Denial of Evidence*

Mr. Street further asserts that the hearing officer violated his due process rights by denying his access to "phone numbers, emails, Facebook account, contact names, [and] pictures." Dkt. 2 at p. 3. Respondent contends that Mr. Street did not identify how this denial of evidence prejudiced him or that this evidence was exculpatory. Dkt. 7 at pp. 8-9.

Due process affords an inmate in a disciplinary proceeding a limited right to present evidence. *Wolff*, 418 U.S. at 566. However, due process is not violated unless the inmate is deprived of an opportunity to present material, exculpatory evidence. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Documentary evidence is exculpatory if it undermines or contradicts the finding of guilt, *see Jones*, 637 F.3d at 847, and it is material if disclosing it creates a "reasonable probability" of a different result, *Toliver v. McCaughtry*, 539 F.3d 766, 780-81 (7th Cir. 2008).

Here, there is no evidence that the "phone numbers, emails, Facebook account, contact names, [and] pictures" are material or exculpatory. Dkt. 2 at p. 3. Moreover, Mr. Street has not explained how this denial of evidence prejudiced him. *Id.* Construing Mr. Street's petition liberally,

his request appears to relate to negating his ownership of the phone. *Id.* But Mr. Street was not convicted of owning the cellphone. Rather, he was convicted of possession because he is responsible for anything that is in his "bed and bedding materials in his[] housing assignment." Dkt. 7-6 (convicting Mr. Street of possessing a cellular device); dkt. 7-10 at p. 6 (defining possession). *See also Pannell v. Hyatte*, No. 22-1205, 2023 U.S. App. LEXIS 512, at *6-7 (7th Cir. Jan. 10, 2023) (holding that a prisoner may be found guilty of possession even when there is evidence that another owns the object if there is evidence that the prisoner possessed the object). Therefore, any evidence related to ownership is not exculpatory and any denial of this evidence is harmless. *See Piggie*, 344 F.3d at 678 (harmless error analysis applies to prison disciplinary proceedings).

Respondent also argues that Mr. Street only requested a photo of the cellphone, which the hearing officer granted, and that the hearing officer was not required to produce evidence that Mr. Street did not request. Dkt. 7 at p. 8. There is no evidence that Mr. Street requested any evidence other than the photo of the cellphone. Dkts. 7-2, 7-4, and 7-6; *see also* Docket Sheet (noting that Mr. Street did not file any exhibits indicating that he made additional evidentiary requests or that he filed a reply to rebut Respondent's arguments). However, even if Mr. Street did request this evidence, he was not entitled to this evidence because it is not exculpatory or material. Accordingly, Mr. Street cannot prevail on this ground.

**D.** *Coercion*

Finally, Mr. Street argues that the hearing officer coerced him into pleading guilty during the "initial" hearing for a promise of a lesser punishment. Dkt. 2 at p. 2. Respondent contends that Mr. Street never pled guilty and that this is not an appropriate claim for habeas relief. Dkt. 7 at p. 9.

The Court construes Mr. Street's reference to the "initial" hearing to mean the screening process. Mr. Street's contention that he was coerced into pleading guilty at screening is belied by the record. Dkt. 7-4 (The Screening Report indicating that Mr. Street pled not guilty). Regardless of Mr. Street's plea at screening, the hearing officer held a hearing and Mr. Street had an opportunity to defend himself. Dkt. 7-6 (The Hearing Report notating that Mr. Street pled not guilty again). As noted above, there is sufficient evidence to support Mr. Street's conviction. Therefore, no due process violation occurred, and Mr. Street is not entitled to relief on this basis.[2]

## IV.    Conclusion

For the reasons stated above, Mr. Street is not entitled to habeas corpus relief under 28 U.S.C. § 2254. Accordingly, Mr. Street's petition for a writ of habeas corpus is **denied** and the action is dismissed with prejudice.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 3/2/2023

_SARAH EVANS BARKER, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

DAVID STREET
963841
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov

---

[2] Because the Court denies all of Mr. Street's claims on the merits, it need not consider Respondent's exhaustion argument. Dkt. 7 at pp. 5-7. *Cf. Brown v. Watters*, 599 F.3d 602, 609-10 (7th Cir. 2010) (courts may bypass the issue of exhaustion and deny petitioner's habeas claim on the merits) (citing *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997)).